UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JONATHAN E. PARKS , <br><br> Plaintiff, <br><br> v. <br><br> PROPERTY SERGEANT ADAMS, T-UNIT SERGEANT BOLANGER, T-UNIT SERGEANT OWNMAN, T-UNIT OFFICER ERICSON, R-UNIT CUS HEWSON, R-UNIT COUNSLER OLIVER, R-UNIT OFFICER ALENDOUDERF, CD COUNSLER MATHISTAD, THEARIPIST ROBERT AND SERGANT JACKSON, <br><br> Defendants. | NO: 2:13-cv-00364-JPH <br><br> ORDER ADOPTING REPORT AND RECOMMENDATION AND DISMISSING ACTION <br><br> **1915(g)** |

BEFORE THE COURT is Magistrate Judge Hutton's Report and Recommendation to dismiss this action for failure to state a claim upon which relief may be granted, ECF No. 15. Plaintiff has filed his Objections as well as a request to voluntarily dismiss some of his claims without prejudice. ECF No. 18.

ORDER ADOPTING REPORT AND RECOMMENDATION AND
DISMISSING ACTION -- 1

Plaintiff, a prisoner at the Clallam Bay Corrections Center is proceeding *pro se* and *in forma pauperis*. Defendants have not been served.

Plaintiff's allegations regarding his placement in administrative segregation failed to state a due process claim upon which relief may be granted. *Freeman v. Rideout*, 808 F.2d 949, 951 (2d Cir. 1986), *cert. denied,* 485 U.S. 982 (1988); *Sandin v. Conner*, 515 U.S. 472 (1995); *Toussaint v. McCarthy*, 801 F.2d 1080, 1091-92 (9th Cir. 1986). His assertion that 30 days were added to his sentence based on a false infraction is presently precluded by *Heck v. Humphrey*, 512 U.S. 477, 481 (1997). *Edwards v. Balisok*, 520 U.S. 641, 648-49 (1997).

In his Objections, Plaintiff concedes that his multiple claims against multiple defendants and his claim regarding his placement in segregation should be dismissed. Nevertheless, Plaintiff contends that the retention of his CD Player by Defendant Adams is "deliberate indifference, malicious and sadistic behavior" in violation of the Eighth Amendment and deprives him of "equal right equal privileges" under the Second, Sixth, Eight and Fourteenth Amendment. Plaintiff's re-characterization of his claim does not alter the fact that he is challenging the unauthorized deprivation of property, a claim which is precluded under *Hudson v. Palmer,* 468 U.S. 517, 533 (1984), and *Parratt v. Taylor*, 451 U.S. 527, 544 (1981).

Again, "Verbal harassment or abuse . . . is not sufficient to state a constitutional deprivation under 42 U.S.C. § 1983." *Oltarzewski v. Ruggiero*, 830 F.2d 136, 139 (9th Cir. 1987). *See Martin v. Sargent*, 780 F.2d 1334, 1338 (8th Cir. 1985) (name calling and verbal threats are not constitutional violations cognizable under section 1983); *McFadden v. Lucas*, 713 F.2d 143, 146 (5th Cir.) *cert. denied*, 464 U.S. 998 (1983) (mere threatening language and gestures of a custodial officer do not, even if true, amount to constitutional violations); *Shelly v. Johnson*, 684 F. Supp. 941, 946-47 (W.D. Mich 1987), affirmed, 849 F.2d 228 (6th Cir.) (alleged harassment and threats even with a guard pointing a loaded gun at an inmate did not rise to the level of constitutional violation). Plaintiff's alleged facts do not support a claim that he was subjected to cruel and unusual punishment in violation of the Eighth Amendment.

For the reasons set forth above and by Magistrate Judge Hutton, **IT IS ORDERED** the Report and Recommendation, ECF No. 15, is **ADOPTED IN ITS ENTIRETY**. This action is **DISMISSED** for failure to state claims under 42 U.S.C. § 1983 upon which relief may be granted in this Court, but **WITHOUT PREJUDICE** to filing an appropriate tort claim or petition in state court. This dismissal is pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b)(1).

Under 28 U.S.C. § 1915(g), enacted April 26, 1996, a prisoner who brings three or more civil actions or appeals which are dismissed as frivolous or for

failure to state a claim will be precluded from bringing any other civil action or appeal *in forma pauperis* "unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).  **Plaintiff is advised to read the new statutory provisions under 28 U.S.C. § 1915.  This dismissal of Plaintiff's complaint may count as one of the three dismissals allowed by 28 U.S.C. § 1915(g) and may adversely affect his ability to file future claims.**

**IT IS SO ORDERED**.  The District Court Executive is directed to enter this Order, enter judgment, forward copies to Plaintiff at his last known address, and close the file.  The District Court Executive is further directed to forward a copy of this Order to the Office of the Attorney General of Washington, Criminal Justice Division.   The Court certifies any appeal of this dismissal would not be taken in good faith.

**DATED** this 21st day of May 2014.

*s/ Rosanna Malouf Peterson*
ROSANNA MALOUF PETERSON
Chief United States District Court Judge

ORDER ADOPTING REPORT AND RECOMMENDATION AND DISMISSING ACTION -- 4